# United States Court of Appeals for the Fifth Circuit

———————

No. 23-60443
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Nicholas Jarrod Clayton,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:18-CR-52-1

———————————————————

Before Jolly, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Nicholas Jarrod Clayton, federal prisoner # 22075-043, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Clayton contends that his family circumstances constitute extraordinary and compelling reasons, that he is not

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

a danger to the safety of the community, and that the applicable 18 U.S.C. § 3553(a) factors weigh in favor of granting him compassionate release.

We review a district court's decision denying compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

Despite Clayton's assertions to the contrary, the district court properly considered the relevant § 3553(a) factors and found that they weighed against granting compassionate release. The district court explicitly considered the nature and circumstances of his offense, his history and characteristics, the need to avoid unwarranted sentencing disparities, the need for the sentence to afford adequate deterrence to criminal conduct, and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. Clayton demonstrates no more than personal disagreement with the district court's balancing of sentencing factors, which is insufficient to establish an abuse of the court's discretion. *See Chambliss*, 948 F.3d at 693.

We need not consider Clayton's contentions regarding whether the district court erred in determining that he failed to show extraordinary and compelling reasons warranting relief because the district court did not abuse its discretion in its alternative holding that relief was not warranted under the § 3553(a) factors. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693.

AFFIRMED.